# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:25-cv-02548-MEMF-MBK | Date | July 2, 2026 |
|---|---|---|---|

| Title | Joel-Randall Preston v. County of Riverside, et al. |
|---|---|

| Present: | Hon. Michael B. Kaufman, U.S. Magistrate Judge |
|---|---|

| James Muñoz | n/a |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys for Plaintiff: | Attorneys for Defendant: |
|---|---|
| n/a | n/a |

**Proceedings:**     ORDER TO SHOW CAUSE RE: FAILURE TO PROSECUTE

In this civil rights action, Plaintiff Joel-Randall Preston a self represented litigant, alleges that his civil rights were violated when Defendants County of Riverside, Riverside Sheriff's Deputies, Pepe's Towing, and Does 1-20 seized his motorcycle out of his driveway. Dkt. 16. On December 4, 2025, the Court ordered the United States Marshals Service to serve the FAC on the named defendants. Dkt. 18, 19. On December 16, 2025, the clerk filed the Process of Service for all defendants, including Pepe's Towing, making the defendants' answer(s) due on January 5, 2026. Dkt. 24-30. Defendants Couty of Riverside and the Riverside Sheriff's Deputy defendants timely appeared and filed a motion to dismiss, which is pending before this Court. Dkt. 32-33. However, as of the date of this Order, Defendant Pepe's Towing has not made an appearance, or filed its answer.

On March 2, 2026, Plaintiff filed a Notice of Continuing Post-Deprivation Seizure, wherein he states that Pepe's towing "has provided a proposed settlement agreement offering release of the motorcycle without charge in exchange for a broad release of claims, including a waiver under California Civil Code § 1542." Dkt. 38 at 1. Plaintiff included a copy of the proposed settlement agreement to the Notice. *Id.* at 32.

Despite defendant Pepe's Towing's failure to appear or respond to the Second Amended Complaint ("SAC"), Plaintiff has not sought a default judgment or otherwise sought to move his claims against Pepe's Towing to resolution. Plaintiff is therefore ordered to show cause, meaning explain in writing, why Pepe's Towing should not be dismissed as a Defendant for Plaintiff's failure to prosecute his claims against it. Plaintiff's response to this Order shall be due on or before **July 29, 2026.**

If Plaintiff has reached a settlement agreement with Pepe's Towing, Plaintiff may comply with this order by filing a notice of settlement and request for dismissal of Pepe's Towing with the Court, advising the Court and all Parties that he has agreed to settle the

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:25-cv-02548-MEMF-MBK | Date | July 2, 2026 |
|---|---|---|---|
| Title | Joel-Randall Preston v. County of Riverside, et al. | | |

action with respect to Pepe's Towing, on or before **July 29, 2026.** Plaintiff is advised that if he files a notice of settlement with Pepe's Towing, the contents of any settlement agreement may remain confidential and do not need to be filed with the Court.

Alternatively, Plaintiff may comply with this Order by indicating whether he intends to proceed with his claims against Pepe's Towing, including by filing a request for entry of default pursuant to Rule 55 of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."). *See also* See L.R. 55-1 ("When application is made to the Court for a default judgment, the application shall be accompanied by a declaration in compliance with F. R. Civ. P. 55(b)(1) and/or (2) and include the following: (a) When and against what party the default was entered; (b) The identification of the pleading to which default was entered; (c) Whether the defaulting party is an infant or incompetent person, and if so, whether that person is represented by a general guardian, committee, conservator or other representative; (d) That the Servicemembers Civil Relief Act (50 U.S.C. App. § 521) does not apply; and (e) That notice has been served on the defaulting party, if required by F. R. Civ. P. 55(b)(2).).

The Clerk is ordered to attach to this Order and serve a copy of: **(1) this Order: (2) Federal Rule of Civil Procedure, Rule 55, and (3) Central District Local Rule 55-1 on Plaintiff.**

**IT IS SO ORDERED.**